UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RUBEN E. SANCHEZ,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>RUSTY SMITH, *et al.,*<br><br>　　　　　　　Defendants. | Case No.  C05-5426RBL<br><br>REPORT AND RECOMMENDATION<br><br>Noted for March 10, 2006 |

This § 1983 Civil Rights matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. This matter comes before the court because plaintiff has failed to respond to Defendant LeClaire's motion for summary judgment, (Doc.29).  For the reasons set forth below, I recommend that the Court grant defendant's motion for summary and dismiss plaintiff's causes of action.

DISCUSSION

Summary judgment is proper only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).  Mere disagreement or the bald assertion that a genuine issue of material fact exists no longer precludes the use of summary judgment. California Architectural Building Products, Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1468 (9th Cir. 1987),

*cert. denied*, 484 U.S. 1006 (1988).   Local Rule CR 7(b)(2) requires each party opposing summary judgment to file a response not later than 4:30 p.m. on the Monday immediately preceding the Friday appointed for consideration, and Local Rule CR 7(b)(4) states:

> If a party fails to file the papers required by subsections (1) or (2) hereof, or fails to appear on the day appointed for argument if such be required by the court, such failure may be deemed by the court to be <u>an admission that the motion, or the opposition to the motion, as the case may be, is without merit</u>.

(Emphasis added).

Here, defendants filed their motion for summary judgment on or about January 5, 2006 and properly noted it for consideration on the court's February 6, 2006, motion calendar.   Plaintiff has failed to respond the motion for summary judgment, and was previously directed to file a response and advised pursuant to <u>Rand v. Rowland</u>, 154 F.3d 952, 962-963 (9th Cir. 1998).   *See* Doc. 13.

In his complaint, plaintiff names several defendants, including Dr. Jerry E. Le Claire.  Plaintiff alleges that Dr. LeClaire is a surgeon contracted by the Washington State Department of Corrections and that as one of the defendants he is responsible for his eye care and his medical treatment while he has been incarcerated.

Defendant LeClaire argue in his motion for summary judgment that plaintiff cannot establish that Dr. LeClaire, a private physician, was a "state actor" or was engaged in "state action," and thus, the claims are subject to dismissal as a matter of law.   In support of their motion for summary judgment, defendant attaches adequate legal authority supporting this argument.   After reviewing the argument and statements in support of his motion, the court should find that Dr. LeClaire was not a state actor when he treated Mr. Sanchez. Dr. LeClaire was not under contract with and was not employed by the Washington State Department of Corrections. Dr LeClaire was not a medical director or prison-based physician for the Department of Corrections. Dr. LeClaire was at all times a private physician who accepted a referral from a private physician, Dr. Berg, to provide medical attention to Mr. Sanchez.  Dr. LeClaire's medical care was always provided to Mr. Sanchez at a private medical facility.  Dr. LeClaire's medical care, judgments and treatments were free of State control, interaction or direction.  Without rebuttal evidence, the Court should find defendants' arguments persuasive.

## CONCLUSION

Because plaintiff has not responded to defendant's motion for summary judgment and defendants

REPORT AND RECOMMENDATION
Page - 2

have offered sufficient evidence to support their motion for summary judgment, the Court should GRANT Defendant LeClaire's motion. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **March 10, 2006**, as noted in the caption.

DATED this Monday, February 13, 2006.

          */s/ J. Kelley Arnold*
          J. Kelley Arnold
          United States Magistrate Judge