UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RUBEN E. SANCHEZ,

        Plaintiff,

   v.

RUSTY SMITH, *et al.,*

        Defendants.

Case No.  C05-5426RBL

REPORT AND RECOMMENDATION

Noted for June 16, 2006

This § 1983 Civil Rights matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. This matter comes before the court on Defendant Berg's motion for summary judgment, (Doc.49), and Plaintiff's motion for default against Defendant Berg and Defendant Hogan .  For the reasons set forth below, I recommend that the Court grant defendant's motion for summary and deny Plaintiff's motion for default.

### DISCUSSION

*A.  Defendant's Motion for Summary Judgment*

Summary judgment is proper only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).  Mere disagreement or the bald assertion that

1  a genuine issue of material fact exists no longer precludes the use of summary judgment.  <u>California</u>

2  <u>Architectural Building Products, Inc. v. Franciscan Ceramics, Inc.</u>, 818 F.2d 1466, 1468 (9th Cir. 1987),

3  *cert. denied*, 484 U.S. 1006 (1988)

4        Here, Plaintiff names several defendants, including Dr. Michael Berg.  Plaintiff alleges Dr. Berg is a

5  surgeon contracted by the Washington State Department of Corrections and that as one of the defendants

6  Dr. Berg  is responsible for his eye care and his medical treatment while he has been incarcerated.

7        In his motion for summary judgment, Dr. Berg argues he is a private physician, was not a "state

8  actor" or engaged in "state action," and thus, plaintiff's claims are subject to dismissal as a matter of law.

9  In support of the motion for summary judgment, defendant attaches adequate legal authority supporting

10  this argument.

11        To succeed on a §1983 action, plaintiff must show (1) that the conduct complained of was

12  committed by a "state actor" (someone acting under color of state law), and (2) that the conduct deprived

13  the plaintiff of a constitutional right. <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981), *overruled on other*

14  *grounds by* <u>Daniels v. Williams</u>, 474 U.S. 327 (1986). The key inquiry in determining whether a private

15  party is a state actor is whether the private party's conduct can be "fairly attributed" to the state. <u>Flagg</u>

16  <u>Brothers</u>, 436 U.S. 149, 157 (1978).

17        In <u>West v. Atkins</u>, 487 U.S. 42, 108 S.Ct. 2250 (1988), the Court held that a physician, Dr.

18  Atkins, was under contract with the State to provide medical services to inmates at a state-prison hospital

19  on a part-time basis. <u>Id</u>. at 42. Dr. Atkins was held to be a state actor when he treated an inmate at the

20  prison facility. <u>West</u>, 487 U.S. at 42. However, the physician had an employment relationship with the

21  Department of Corrections that required extensive involvement with the State of North Carolina. <u>Id</u>. The

22  physician's contractual responsibilities included the following: to provide two orthopedic clinics per week;

23  to see all orthopedic and neurological referrals, to perform orthopedic surgery as scheduled; to conduct

24  rounds as often as necessary for his surgical and other orthopedic patients; to coordinate with the Physical

25  Therapy

26  Department; to request the assistance of neurosurgical consultants on spinal surgical cases; and to provide

27  emergency on-call orthopedic services 24 hours per day. <u>West</u>, 487 U.S. at 44, fn. 1.  Dr. Atkins was also

28  contractually obligated to supervise the Department of Corrections' nurses and physician's assistants, and

both were subject to his orders. Id. The West Court found that Dr. Atkins was an "institutional physician" who was obligated to cooperate with, abide by the regulations applicable to, and coordinate his medical work with the North Carolina State Department of Corrections Id. at 51-52.

In Nunez v. Horn, 72 F.Supp.2d 24 (N.D.N.Y.1999), the court recognized that the relationship between the state, the physician and the inmate is critical in determining whether the physician was a state actor. Id. at 27. In Nunez, the physician was not under contract with the state, was not an employee of the state, and provided care in a private medical setting free of the constraints and security pressures of prison based care. Id. The District Court held that the physician was not a state actor and could not be liable on a §1983 action.

In the present case, Dr. Berg was not a state actor when he treated Mr. Sanchez. Dr. Berg was not under contract with and was not employed by the Washington State Department of Corrections. Dr. Berg was not a medical director or prison-based physician for the Department of Corrections. Dr. Berg was at all times a private physician who accepted a referral from the Airway Heights Correctional Facility to provide medical attention to Mr. Sanchez. Dr. Berg's medical care was always provided to Mr. Sanchez at a private medical facility. After reviewing the argument and statements in support of his motion, the court should find that Dr. Berg was not a state actor when he treated Mr. Sanchez.

Defendant Berg's motion for summary judgment should be granted.

***B. Plaintiff's motion for default***

The Federal Rules of Civil Procedure require defendants to answer a complaint within twenty (20) days from the date being served with the summons and complaint, or if service of the summons was timely waived, within sixty (60) days after the date when the request for waiver was sent. Fed. R. Civ. P. 12(a). If a defendant fails to respond within that time, a default judgment **may** be entered. Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986), *cert. denied*, 108 S.Ct. 198 (1987) (emphasis added). Default judgments are generally disfavored and the court prefers a decision on the merits, In re Hammer, 940 F.2d 524, 525 (9th Cir. 1991).

Plaintiff argues Defendant Berg and Defendant Hogan each failed to respond to the summons and complaint in a timely fashion and he asks the court to grant default judgment in his favor. Plaintiff states that each of these defendants received service of the summons and a copy of the complaint, but he does not

file any proof of service. As noted by other defendants in this matter, the record shows that Defendant Hogan did not receive a summons or copy of the complaint, as the U.S. Marshals attempt to serve the complaint by first class mail to the address provided by plaintiff was unsuccessful. See Doc. 15. With regard to Defendant Berg, as discussed above, Dr. Berg should be dismissed as a defendant in this case and a default judgment would be inappropriate to grant against Dr. Berg.

Plaintiff's motion for default judgment should be denied.

## CONCLUSION

The Court should grant Defendant Berg's motion for summary judgment (Doc. 49), and the Court should deny Plaintiff's motion for default (Doc. 54). Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **June 16, 2006**, as noted in the caption.

DATED this Wednesday, May 24, 2006.

                      */s/ J. Kelley Arnold*
                      J. Kelley Arnold
                      United States Magistrate Judge