UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RUBEN E. SANCHEZ,

        Plaintiff,

  v.

RUSTY SMITH, *et al.*,

        Defendants.

Case No.  C05-5426RJB

ORDER ON PENDING MOTIONS

      This matter is before the court on the following motions: (i) plaintiff's motions for change in venue (Doc. 67, 84, & 88); (ii) plaintiff's motion to produce copies (Doc. 72); (iii) plaintiff's motion to stay proceedings (Doc. 94); and (iv) plaintiff's motion for a copy of the docket report (Doc. 95).   In addition, the court notes that the following dispositive motions are pending: plaintiffs motions for summary judgment (Docs. 77, 86, & 87) and defendants' motions for summary judgment (92 & 93).  The merits of the dispositive motions are not discussed below, as they must be considered in a report and recommendation to the Honorable Robert J. Bryan.  Rule 72(b) of the Federal Rules of Civil Procedure.

      The court, having reviewed these motions and the balance of the record, does hereby find and ORDER:

      (1)  Plaintiff makes three requests for a change of venue (Docs. 67, 85, & 88).  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  Changing venue is a discretionary matter.  28 U.S.C. § 1404(b).

      Plaintiff filed this matter with this court on or about June 21, 2005, stating in his original Complaint that this court had jurisdiction over the claims raised and that venue was proper.  Plaintiff repeated this

statement in his Amended Complaint, filed on or about October 17, 2005.  Defendants have appeared in this matter and answered the Amended Complaint without contesting jurisdiction or venue of the court.

Plaintiff specifically asks that the case be transferred to the U.S. District Court for Eastern Washington in Yakima.  Plaintiff argues that by changing venue to another court he will have another opportunity to be granted appointment of an attorney to represent him in this matter.  The court has previously entertained two motions for appointment of counsel, which were denied for specific reasons by this court. (Docs. 4, 34, 46, & 58).   To the extent that Plaintiff's requests for a change in venue is merely a motion for reconsideration of his request for appointment of counsel, the motions (Docs. 67, 85, & 88) are DENIED.

(2) Plaintiff's motion to produce copies (Doc. 72) and plaintiff's motion for a docket report (Doc. 95) both ask for confirmation that the court is properly receiving legal mail which is sent by Plaintiff. Plaintiff's request for copies of documents from the prison's mail room is essentially a discovery request. Prior to making a motion to compel production of this type of discovery, Plaintiff must first make the appropriate request from the party pursuant Rule 34 of the Federal Rules of Civil Procedure.  In addition, Plaintiff must confer with the other party in an attempt to resolve any discovery dispute before making a motion to compel production.  See FRCP Rule 37.  For this reason, the motion for production (Doc. 72) is DENIED.  In any event, Plaintiff's need to see what has been received by the court should be available in the court's docket report.  The court will direct the Clerk to send a copy of the most recent docket report to Plaintiff along with a copy of this order.  Plaintiff's request for a docket report is therefore GRANTED.

(3) Plaintiff's motion to stay this matter until the court rules on the motions previously submitted to the court is DENIED.  To date and with this order the court believes it has ruled on all the pending nondispositive motions filed with the Clerk.  The dispositive motions noted above will be considered together in a report and recommendation submitted to the Honorable Robert J. Bryan.

The court notes that opposition to the defendants' dispositive motions (Docs. 92 & 93) has not yet been received from Plaintiff.  The Ninth Circuit Court of Appeals requires pro se parties to receive adequate notice of the effect of losing a summary judgment motion.  Pursuant to the Ninth Circuit's requirement, plaintiff is given the following notice:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal

> Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, deposition, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment , if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

Rand v. Rowland, 154 F.3d 952, 962-963 (9th Cir. 1998).

To allow plaintiff ample time to respond to defendants' motions for summary judgment, all motions for summary judgment (Docs. 77, 86, 87, 92 &93) shall be renoted on the court's **September 29, 2006** motion calendar for consideration. Accordingly, plaintiff response or opposition briefs shall be served and filed no later than **Monday, September 25, 2006**.

(4) The Clerk is directed to send copies of this order to plaintiff along with a copy of a current docket report.

DATED this 6th day of September, 2006.

                              */s/ J. Kelley Arnold*
                              J. Kelley Arnold
                              United States Magistrate Judge