UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RUBEN E. SANCHEZ,<br><br>             Plaintiff,<br><br>      v.<br><br>RUSTY SMITH, *et al.,*<br><br>             Defendants. | Case No.  C05-5426RBL<br><br>REPORT AND<br>RECOMMENDATION<br><br>Noted for December 22, 2006 |

This § 1983 Civil Rights matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. This matter comes before the court on the following dispositive motions: Plaintiff's three separate motions for summary judgment (Docs. 77, 86, & 87), Defendant Hogan's motion for summary judgment (Doc. 92) and the Department of Corrections Defendants' (Defendants Smith, Clinton, Brown, and Amaru) motion for summary judgment (Doc. 93).

<u>FACTUAL AND PROCEDURAL BACKGROUND</u>

Plaintiff, Ruben E. Sanchez, is a state prison inmate. In April 2002, while serving time at the McNeil Island Correction Center, Mr. Sanchez was seen by an optometrist, Edward Worthen. Dr. Worthen's notes indicate Mr. Sanchez wanted cataract surgery to improve his vision. It appears Dr. Worthen recommended referral to confirm the need for cataract surgery.

Plaintiff transferred to the Airway Heights Correctional Center ("AHCC") near Spokane in July 2002. On or about August 22, 2002, the contract optometrist at AHCC, Dr. Willard Hogan, referred Mr.

1  Sanchez to see Dr. Berg, an ophthalmologist, for possible cataract surgery.  Dr. Berg examined Mr.
2  Sanchez on or about November 25, 2002.
3         The situation was not an emergency and the referral for such a case was turned over to Qualis
4  Health, which is an independent organization that determines whether proposed medical care for
5  Washington State inmates is necessary and appropriate.  Qualis reviewed the medical information and
6  determined that Mr. Sanchez's cataracts did not seriously interfere with his ability to participate in prison
7  programs.  On December 30, 2002, plaintiff's request for cataract surgery was therefore denied.
8         Plaintiff had the right to appeal Qualis' denial, but he did not file a timely appeal.  However, AHCC
9  medical staff, including Ms. Clinton, appealed the decision on his behalf and the cataract surgery was
10 eventually approved.  Dr. Berg successfully performed cataract surgery on Plaintiff's left eye in July of
11 2003.  On or about December 5, 2003, Plaintiff obtained a referral to Dr. Berg for cataract surgery on his
12 right eye.  Dr. Berg performed cataract surgery on Plaintiff's right eye on or about January 14, 2004.  The
13 following day Dr. Berg examined the eye and noted it was doing well, however several complications
14 followed.
15        On January 19, 2004, Plaintiff met with AHCC Health Care Specialist Russell Amaru with a
16 complaint of reduced peripheral vision in his right eye.  Mr. Amaru took Plaintiff's vitals signs and
17 examined the eye, reporting that the lens looked intact and that there was no indication of an infection.
18 Mr. Amaru scheduled Plaintiff to see Dr. Hogan the next day, January 20, 2004.  AHCC notes indicate Dr.
19 Hogan examined Plaintiff on January 20th and immediately referred him to Dr. Berg.  Dr. Berg states Mr.
20 Sanchez was brought to his clinic the same day with complaints of "floaters and blurred vision" on his right
21 side.  Dr. Berg found a retinal tear in the right eye, and Mr. Sanchez was referred to specialist Dr.
22 LeClaire.  Dr. LeClaire performed "an extensive retinal reattachment procedure" on January 22, 2004 and
23 a post operative examine on January 23, 2004.  A year following the surgery, Dr. LeClaire reported that
24 the "result in the right eye has been rather dismal.  Vision without correction on June 28th [2004] was
25 counting fingers at 1 foot in the right eye, the left eye read 20/30-2."
26                                            DISCUSSION
27 **A. Summary Judgment**
28        Summary judgment is proper only where "the pleadings, depositions, answers to interrogatories,

REPORT AND RECOMMENDATION
Page - 2

and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).  Mere disagreement or the bald assertion that a genuine issue of material fact exists no longer precludes the use of summary judgment. California Architectural Building Products, Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1468 (9th Cir. 1987), *cert. denied*, 484 U.S. 1006 (1988)

Here, Plaintiff names the following defendants in his Amended Complaint: four employees of the Department of Corrections (DOC), including, Robert "Rusty" Smith, Debra Clinton, Debra Brown, and Russell Amaru; and ,three private medical providers, Drs. Willard Hogan, O.D., Michael Berg, M.D., and Jerry LeClaire, M.D.[1]  As noted above, the matter is before the court on Plaintiff's motions for summary judgment,  the DOC Defendants' motion for summary judgment, and Dr. Hogan's motion for summary judgment.  After reviewing the motions and the balance of the record, the undersigned finds Plaintiff has failed to allege a cognizable claim, and therefore the Court should grant summary judgment in favor of all remaining defendants, dismissing Plaintiff's complaint and causes of action.

## B.  Cognizable § 1983 Causes of Action

Plaintiff's Amended Complaint is based on the allegation that defendants were deliberately indifferent to his serious medical needs and that such a claim is cognizable under 42. U.S.C. § 1983.  To succeed on a §1983 action, plaintiff must show (1) that the conduct complained of was committed by a "state actor" (someone acting under color of state law), and (2) that the conduct deprived the plaintiff of a constitutional right. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds by* Daniels v. Williams, 474 U.S. 327 (1986).

An inmate's eighth amendment rights are violated if he or she is treated with deliberate indifference to his or her serious medical needs.  *See* Estelle v. Gamble, 429 U.S. 97, 106 (1976); Jones v. Johnson, 791 F.2d 769, 771 (9th Cir. 1986).  The indifference to medical needs must be substantial; a constitutional violation is not established by negligence or "an inadvertent failure to provide adequate medical care."

---

[1] On separate motions, the Court previously granted Dr. LeClaire's and Dr. Berg's motions for summary judgment, finding each of them is a private physician, not a "state actor" or engaged in "state action."

1  Estelle, 429 U.S. at 105-106; see Anthony v. Dowdle, 853 F.2d 741, 743 (9th Cir. 1988). Similarly, a
2  difference in opinion as to diagnosis or treatment does not establish a constitutional violation. Shields v.
3  Kunkle, 442 F.2d 409, 410 (9th Cir. 1971).

4      Here, Defendants cannot reasonably be found to have been deliberately indifferent to Mr. Sanchez's
5  medical needs. The undisputed facts show that Mr. Sanchez sought cataract surgery, and the medical staff
6  at AHCC helped him in this pursuit. Mr. Sanchez left eye was repaired without complications, and the
7  cataract removal on his right eye occurred soon thereafter. Mr. Sanchez complained to Defendant Amaru
8  on January 19, 2004 due to reduced vision in his right eye, and it is undisputed that Mr. Amaru took
9  immediate action to have Mr. Sanchez examined by Dr. Hogan. Dr. Hogan, in turn, immediately referred
10 Mr. Sanchez to the surgeon Dr. Berg, who found a tear in his retina and referred Mr. Sanchez to the
11 specialist, Dr. LeClaire. Plaintiff does not show or allege any facts showing Mr. Amaru or any other DOC
12 Defendant was deliberately indifferent to his medical needs. The facts show otherwise, that Mr. Sanchez's
13 medical complaints were carefully considered and proper treatment was arranged in a timely manner.
14 Similarly, Plaintiff does not show or allege any facts showing Dr. Hogan was deliberately indifferent to his
15 medical needs. The facts show Dr. Hogan took immediate action to have Plaintiff seen by qualified
16 professionals in a timely manner.

17     In response to the motions for summary judgment, Mr. Sanchez' makes an issue of the date Dr.
18 LeClaire stated he examined Mr. Sanchez. In a letter addressed to AHCC, dated February 1, 2005, Dr.
19 LeClaire states he examined Mr. Sanchez on January 21st, but the prison records do not show Mr. Sanchez
20 being transported by any custodial officers on that date. Significantly, the date Dr. LeClaire examined Mr.
21 Sanchez is not material to the issue of whether or not Plaintiff's has sufficiently alleged an Eighth
22 Amendment violation against the DOC Defendants or Dr. Hogan. Plaintiff has not raised any genuine
23 material issues of fact to defeat summary judgment, and the court finds no reasonable juror could find the
24 DOC Defendants or Dr. Hogan acted deliberately indifferent to Plaintiff's serious medical needs.

25 <center>CONCLUSION</center>

26     The Court should grant DOC Defendants and Dr. Hogan's motions for summary judgment (Doc.
27 92 & 93), and the Court should deny Plaintiff's motions for summary judgment (Docs. 77, 86, & 87).
28 Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall

REPORT AND RECOMMENDATION
Page - 4

have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **December 22, 2006**, as noted in the caption.

DATED this Thursday, November 30, 2006.

          */s/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 5